07 CV 4042
Judge Hellerstein

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
LIND-STONESHIP AS,                 :
                                   :    **ECF**
                Plaintiff,         :    **VERIFIED COMPLAINT**
                                   :
        -against-                  :
                                   :
PKF SEVERNY BASTION,               :    MAY 23 2007
                                   :
                Defendant.         :
----------------------------------x

Plaintiff, LIND-STONESHIP AS, (hereinafter referred to as "Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, PKF SEVERNY BASTION, (hereinafter referred to as "Defendant") alleges, upon information and belief, as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

### THE PARTIES

2. At all times material to this action, Plaintiff was, and still is, a foreign company with an address at Thorsoveien 1, N-1634 Gamle Fredrikstad, Norway.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of a

foreign country, with an address at Portovyi Proezd 21, 183038 Murmansk, Russia.

    4.    Defendant was, at all material times, the disponent owner of the M/V PIONEER KOLY (the "Vessel").

DEFENDANT'S BREACH OF CONTRACT

    5.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-4 of this Complaint as if set forth at length herein.

    6.    Plaintiff and Defendant entered into a long term time charter party dated December 24, 2003, pursuant to which Defendant let and Plaintiff hired the Vessel (the "Charter Party").

    7.    During the course of the Charter Party, Plaintiff made various advances on behalf of the Defendant, such as paying for shipyard expenses for the Vessel and paying to have the Vessel released from arrest.

    8.    When the Vessel was redelivered by Plaintiff to Defendant there remained outstanding $73,491.94 in unpaid advances, which Defendant has failed and refused to pay.

    9.    In addition, Plaintiff placed the Vessel off-hire under the terms of the Charter Party when the Vessel was sent by Defendant to a drydock for repairs.  As a result, Plaintiff is entitled to deduct the daily hire payable to Defendant during this off-hire repair period, as well as bunker

consumption and other costs incurred during that time totaling $98,034.14.

10. Despite Plaintiff's demands and protests, Defendant has refused to accept the Vessel was off-hire and the deductions made by Plaintiff for same, resulting in the $98,034.14 remaining due and owing to Plaintiff.

11. During the Charter Party one of the cylinders to open a hatch broke down through no fault of Plaintiff. Under the terms of the Charter Party it was Defendant's obligation to make these repairs. Defendant, however, apparently had difficulty in transferring the funds for prepayment of the repairs from Russia.

12. In order to avoid delays in making these repairs, Plaintiff agreed to guarantee payment of the repairs. Defendant, however, refused to pay for the repairs after they were made, resulting in Plaintiff having to pay the costs of same in the amount of $25,024.75.

13. Plaintiff has demanded payment for the cost of these repairs from Defendant, which Defendant has refused to pay.

14. Plaintiff protested the non-payment of all amounts due, demanding that the outstanding advances, off-hire deductions and repair costs be paid to the Plaintiff and

continued to demand payment up until the present time, but none of it was paid.

15. By reason of the aforesaid, Plaintiff has suffered damages in the amount of $196,550.83, so near as the same can be presently estimated. In addition Plaintiff is entitled to recover interest, attorneys' fees and costs as set forth below.

### LONDON ARBITRATION

16. Plaintiff's claims against Defendant are subject to arbitration in London governed by English law pursuant to the terms of the Charter Party.

17. Plaintiff has commenced arbitration in London against Defendant, and Plaintiff's claims are now the subject of that arbitration.

### PLAINTIFF'S DAMAGES

18. Interest costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, Plaintiff expects to recover the following amounts from Defendant:

| | | |
|---|---|---|
| A. | Principal claim: | $ 196,550.83 |
| B. | Interest, arbitration fees and attorneys' fees: | $ 68,449.17 |
| | Total: | $265,000.00 |

### DEFENDANT NOT FOUND WITHIN THE DISTRICT

4

19.   The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are believed to be due and owing to the Defendant.

20.   The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are due and owing to the Defendant, in the amount of $265,000.00 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated

with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

   D. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
    May 23, 2007

          CARDILLO & CORBETT
          Attorneys for Plaintiff
          LIND-STONESHIP AS

      By: _____
         James P. Rau (JR 7209)

         Office and P.O. Address
         29 Broadway, Suite 1710
         New York, New York 10006
         Tel: (212) 344-0464
         Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
                 ) ss.:
County of New York)

  1. My name is James P. Rau.

  2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

  3. I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

  4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

  5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

  6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

  7. I am authorized to make this Verification on

behalf of the Plaintiff.

_____
James P. Rau

Sworn to this 23rd day
of May, 2007

TULIO R. PRIETO
Notary Public, State of New York
No. 02PR6070011
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 19, 2010